# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GABRIEL FUENTES-SALGADO,<br><br>Defendant. | No. CR 13-4016-1-MWB<br><br>**OPINION AND ORDER REGARDING DEFENDANT'S MOTION FOR MODIFICATION OF SENTENCE PURSUANT TO U.S.S.G. APP. C. AMENDMENT 794** |

_____

This case is before me on defendant Gabriel Fuentes-Salgado's *pro se* June 15, 2018, Motion For Modification Of Sentence Pursuant To U.S.S.G. App. C. Amendment 794. On October 1, 2013, Senior District Judge Donald E. O'Brien sentenced Fuentes-Salgado to 100 months of imprisonment on Fuentes-Sagado's guilty plea to a charge of conspiracy to distribute 50 grams or more of actual (pure) methamphetamine. Fuentes-Salgado now seeks reduction of his sentence pursuant to 18 U.S.C. § 3582 based on Amendment 794 to the United States Sentencing Guidelines. Fuentes-Salgado acknowledges that Amendment 794 became effective on November 1, 2015, more than two years after he was sentenced, but he contends that it is retroactive.

As I explained in *Altman v. United States*, Nos. C16-3097-MWB, CR12-3010-MWB, 2016 WL 5219599 (N.D. Iowa September 21, 2016),

> Section 3B1.2 instructs sentencing courts to decrease a defendant's offense level by four levels "[i]f the defendant was a minimal participant in any criminal activity," two levels "[i]f the defendant was a minor participant in any criminal activity," and three levels if the defendant's level of participation fell between minimal and minor. *See* U.S.S.G. § 3B1.2. The commentary to § 3B1.2 provides that a mitigating role adjustment is available to any defendant "who plays a part in committing the offense that makes him

> substantially less culpable than the average participant." *See id*. § 3B1.2 cmt. n. 3(A). Amendment 794 "left the text of § 3B1.2 unchanged." *United States v. Gomez*, ___ F.3d ____, 2016 WL 3615688, at * 3 (5th Cir. July 5, 2016); *see United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016); *United States v. Casas*, 632 Fed.Appx. 1003, 1004 (11th Cir. 2015). The amendment modified § 3B1.2's application notes by introducing a list of non-exhaustive factors that a sentencing court should consider in determining whether to apply a mitigating role adjustment. *See Quintero-Leyva*, 823 F.3d at 523.

*Altman*, 2016 WL WL 5219599, at *1. Perhaps more importantly, for present purposes, I explained, "The U.S. Sentencing Commission, however, did not make Amendment 794 retroactive to all cases." *Id*. at *2 (citing U.S.S.G. § 1B1.10(d)). Specifically, "such an amendment does not apply retroactively in a motion for reduction of a sentence under § 3582." *Id*. at *3. It does not appear that either the Supreme Court or the Eighth Circuit Court of Appeals has expressly considered the question, but I cannot find any decision of any court to consider it, before or since my decision in *Altman*, that has held that Amendment 794 is retroactively applicable to a reduction of a sentence under § 3582.

THEREFORE, defendant Gabriel Fuentes-Salgado's *pro se* June 15, 2018, Motion For Modification Of Sentence Pursuant To U.S.S.G. App. C. Amendment 794 (docket no. 78) is **denied**.

**IT IS SO ORDERED**.

**DATED** this 23rd day of July, 2018.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA